No. 58,066

STATE OF KANSAS, *Appellant*, v. LEROY POWELL, *Appellee.*

(712 P.2d 1264)

Opinion filed January 17, 1986.

*Gene Porter,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Robert E. Southern,* of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is an appeal by the State from the district court's dismissal of a charge against defendant, Leroy Powell, alleging violation of the State's fishing regulations.

Barton County owns property from which it extracts sand for use on county roads.The removal of such material has created a depression which has filled with water. Defendant placed five setlines in the water which were not tagged with his name and address.

K.A.R. 23-3-10 provides in pertinent part:

"(a) It shall be lawful for a person to operate or have set two (2) lines with not more than two (2) baited hooks or artificial lures per line, one (1) trotline, or eight (8) setlines. Trotlines and setlines shall not be used on state fishing lakes unless the lake is posted to allow their use. All lines, trotlines and setlines shall be checked at least once every twenty-four (24) hours.

"(b) Each trotline, setline, tip-up and unattended line shall have a tag or label securely attached designating the name and address of the operator. It shall be lawful to use a trotline or setline one hundred and fifty (150) yards or more from any dam or one hundred and fifty (150) yards or more from the mouth of any stream."

The Kansas Fishing Regulations pamphlet distributed by the Kansas Fish and Game Commission provides in pertinent part:

"Each fisherman is limited to two lines with not more than two baited hooks (single or treble) or artificial lures per line. Casting plugs, lures, and flies may be used.

"In addition to two lines, a fisherman may set one trotline containing not more than 25 hooks. Or, instead of a trotline, a fisherman may set eight setlines

containing not more than two hooks each. Trotlines and setlines cannot be set within 150 yards of any dam or within 150 yards of the mouth of any creek or river. Setlines, trotlines, or any unattended line must be checked at least once every 24 hours by the person fishing with them.

"Bank lines, limb lines, trotlines, and unattended lines must be tagged securely and plainly with the fisherman's name and address. This provision does not apply to privately owned ponds or strip pits."

Defendant was charged with having setlines that were not properly tagged. He was convicted of such violation by a district magistrate judge following a bench trial. He appealed to the district court. Defendant filed a pretrial Motion for Judgment of Dismissal which was sustained. The State appeals from said dismissal.

The district court held the water in the sand pit constituted: (1) a privately owned pond or strip pit within the purview of the Kansas Fishing Regulations; and (2) a private fishing impoundment within the purview of K.S.A. 32-172a and that, accordingly, there was no requirement that setlines had to be tagged. We do not agree with either categorization of the sand pit.

The property on which the setlines were placed was owned by Barton County. It was, therefore, owned by a political subdivision of the state and constitutes publicly owned property. The fact that it was used by the county as a source of material for county road construction and maintenance and is not open to the general public does not make the property "privately owned" within the scope of the Kansas Fishing Regulations.

We turn now to whether the property constituted a "private water fishing impoundment" within the purview of K.S.A. 32-172a. Said statute provides:

"A 'private water fishing impoundment' as used in this act is defined as being a water impoundment, constructed by man rather than natural, located wholly within the boundary of the lands owned or leased by the person operating the private water impoundment. Further, the impoundment must be entirely isolated from other surface water; that is, the private impoundment must not have any connection either continuously or at intervals, except during periods of floods, with streams or other bodies of water so as to permit the fish to move between the two places: *Provided, however,* The private impoundment may be connected with a stream or other body of water by a pipe or conduit no larger than eight inches in diameter if the flow is screened at all times to the extent necessary to prevent fish from moving between the two bodies of waters. The owner or tenant having possession and control of such private fishing impoundments as hereinabove defined and desiring to use the same for the propagation or rearing of fish for private use or to be sold or used commercially may do so

without securing or holding any state license or permit and without being limited as to numbers, time, or manner of taking fish from such impoundments: *Provided, however*, It shall be unlawful to use any manner or means which may escape from such private impoundment and kill or endanger fish in other private impoundments or public waters: *Provided further*, It shall be unlawful to remove fish from such private impoundment without the consent of the owner or tenant having possession and control: *Provided further*, The general public is not required to have a state license to fish such private water."

The district court leapt upon the requirements that a "private water fishing impoundment" must be man-made and "isolated from other surface water" in making its determination. The leap was improvident. The statute permits private owners of land to build artificial lakes or ponds (subject to the isolation requirement) for purposes of the propagation or rearing of fish, and the owners thereof may harvest or otherwise exercise control over their fish without regard to the fishing laws. Fish in qualified impoundments of water, such as commercial fish farms, pay fishing lakes, and farm ponds are not subject to the Kansas fishing laws and regulations. The body of water herein was not privately owned and was not impounded for purposes of fish propagation or rearing. K.S.A. 32-172a is clearly inapplicable to the property in question herein.

We conclude the district court erred in dismissing the charge herein. The judgment of the district court is reversed and the case is remanded for further proceedings.